

Squire Patton Boggs (US) LLP
30 Rockefeller Plaza
New York, New York  10112

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Mitchell R. Berger
T   +1 212 872 9800
mitchell.berger@squirepb.com

February 6, 2019

**BY ECF**

Honorable Robert M. Levy, *U.S.M.J.*
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Singer*, et al.* v. Bank of Palestine**
**U.S. District Court, Eastern District of New York, Case No. 19-cv-00006 (ENV)(RML)**
**Letter Motion to Extend Time to Respond to Complaint**

Dear Judge Levy:

This law firm represents defendant Bank of Palestine ("BOP") in the above-referenced action. Pursuant to Fed. R. Civ. P. 6(b) and Local Civil Rule 7.1, BOP respectfully submits this letter motion for a 120-day extension of time, to and including June 6, 2019, to move to dismiss, answer, or otherwise respond to the Complaint. Plaintiffs' last offer was to extend BOP's time to respond to the Complaint for 45 days. This is BOP's <u>first</u> request for an extension of time to respond to the Complaint.

The parties have been unable to reach an agreement on an extension despite: (1) BOP's offer to waive objections to Plaintiffs' defective service of the Summons and Complaint on BOP by FedEx sent to its headquarters in Ramallah, within Palestinian territory over which Israel asserts jurisdiction for service-of-process purposes; (2) Plaintiffs' agreement to the same or longer extensions of time in other Anti-Terrorism Act cases they filed in this District and elsewhere at the same time this case was filed; and, (3) BOP's request for a reasonable amount of time to investigate the financial transactions alleged in the complaint, which are dated from 2001, and will require on-site work at BOP's locations in the Palestinian territories.

a.   <u>Procedural Background</u>

This action concerns Anti-Terrorism Act ("ATA") claims under 18 U.S.C. § 2333(d) for injuries allegedly sustained by Plaintiffs from attacks that occurred in Israel and Palestinian territory between December 2001 and August 2003. The Complaint was filed on January 1, 2019. On January 10, 2019, a copy of the Summons and Complaint was mailed by FedEx to BOP under FRCP

47 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP                          Hon. Robert M. Levy
Page 2 of 3                                                                           February 6, 2019

4(f)(2)(C)(ii). (Dkt. 10). Based on the January 17, 2019 delivery of that package, the docket currently reflects a response date of February 7, 2019. (Dkt. 11).

      b.      <u>BOP Has Not Been Served and its Time to Respond to the Complaint Has Not Begun</u>

Under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), to which Israel and the United States are parties, Israel asserts authority over service of process in foreign litigation on entities within territory under the jurisdiction of the Palestinian Authority. *See* Israel – Central Authority & practical information, HCCH, https://www.hcch.net/en/states/authorities/details3/?aid=260 (last visited Februray 6, 2019). Under Israel's accession to the Hague Convention, Israel requires that "[D]ocuments intended for residents of the Palestinian Authority should be forwarded through the Director of Courts. This authority forwards the documents to the Palestinian Authority." Plaintiffs did not comply with these service requirements. Proper service through these required channels will take significantly longer than the requested extension.

Plaintiffs' attempt to serve BOP within Palestinian territory by FedEx cannot satisfy Fed. R. Civ. P. 4(f)(2)(C)(ii), and cannot circumvent these requirements because the Rule requires that "the recipient country does not object to service via mail." *Dev. Specialists, Inc. v. Li (In re Coudert Bros.)*, 2017 U.S. Dist. LEXIS 71435, at *36 (S.D.N.Y. May 10, 2017). Israel's special requirements for service on entities in territory of the Palestinian Authority thus precluded direct FedEx service on BOP. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (stating that while Hague Convention Article 10(a) does not prohibit service by mail, "[t]o be clear, this does not mean that the Convention affirmatively *authorizes* service by mail.")(emphasis in original); *Doe v. State of Israel*, 400 F. Supp.2d 86, 103 (D.D.C. 2005) ("In any event, Article 10(a) does not create an affirmative right to utilize this postal method of personal service; it simply does not prohibit it. A court must still look to the internal law of the receiving nation, under which the type of service contemplated by Article 10(a) -- if any -- must be permitted. Plaintiffs have never so much as suggested that this type of service is recognized under internal Israeli law."); *Friedman v. Israel Labour Party,* No. 96-cv-4702, 1997 U.S. Dist. LEXIS 9204, at *8-9 (E.D. Pa. June 30, 1997) ("[P]laintiff has not shown that certified mail/return receipt requested is even a method of transmission permitted under internal Israeli law.").

Nonetheless, BOP has offered to accept Plaintiffs' defective FedEx service and waive objections to service of process, while reserving all other defenses including an objection to personal jurisdiction, in exchange for an extension of time to respond to the Complaint. Despite numerous discussions over the past two weeks, the parties have been unable to reach agreement.

      c.      <u>Good Cause for an Extension Exists to Allow Sufficient Time for BOP to Confer with Counsel and to Review the Factual Allegations Asserted in the Complaint</u>

In addition to the complex nature of the allegations, concerning an extensive body of ATA jurisprudence that presents numerous grounds for dismissal to explore, BOP faces several practical difficulties because Plaintiffs' claims concern banking services allegedly provided by BOP in Palestinian territory from 2001. Accordingly, BOP will need additional time to search for and review banking records concerning transactions that are many years old. Further, many such records are likely to be in Arabic or other foreign languages, and may need to be translated. Additionally, travel to BOP to allow counsel to conduct appropriate witness interviews and conduct an on-site review of documents, will be further complicated by the fact that entry into, and exit from, Palestinian territory

Squire Patton Boggs (US) LLP                                      Hon. Robert M. Levy
                                                                  February 6, 2019
Page 3 of 3

is controlled by Israel.[1] BOP respectfully submits that the requested extension is reasonable and appropriate under these circumstances.

d.   Defendants in Other Related Cases Have Received Between 120 and 180 Day Extensions to Respond

Finally, BOP's requested 120-day extension is exactly at the lower range of extensions agreed to in other ATA cases filed by the same Plaintiffs' counsel, and many of the same Plaintiffs, at the same time as this action. *See Averbach, et al. v. Cairo Amman Bank*, 2019-cv-00004 (S.D.N.Y. filed Jan. 1, 2019) (Dkt. 19) (stipulated 180-day extension so-ordered), *Honickman, et al. v. Blom Bank*, 2019-cv-00008 (E.D.N.Y. filed Jan. 1, 2019) (Dkt. 15) (stipulated 120-day extension filed). BOP occupies a similar position as those other defendant banks, and faces similar complex legal issues, but with even more practical obstacles because of its location in Palestinian territory.

Despite that context, Plaintiffs' counsel has refused to agree to a similar extension here, stressing that they would like to "stagger" responses in their separate cases. But of course that desire has nothing to do with the time BOP needs to adequately prepare its response. Moreover, as stated, BOP has agreed to waive service of process defenses in commencement of this case, in exchange for simply receiving an extension in line with the similarly situated defendant banks in *Averbach* and *Honickman*.

Accordingly, BOP respectfully requests that the Court reset the time to respond to the complaint to June 6, 2019. If that extension is granted, then BOP further commits to file a pre-motion conference letter for its envisioned motion to dismiss the Complaint, pursuant to Section III.A. of Judge Vitaliano's Rules, not later than May 6, 2019. Notably, the pre-motion conference letter date would roughly approximate the date for a response to the Complaint pursuant to Fed. R. Civ. P. 4(d)(3) if Plaintiffs had sought a waiver of service from BOP pursuant to Fed. R. Civ. P. 4(d)(3).

                                        Respectfully submitted,

                                        Squire Patton Boggs (US) LLP

                                        *[signature]*

                                        Mitchell R. Berger

---

[1] Counsel will be undertaking the same process in its defense of Palestine Investment Bank in the matter of *Spetner, et al. v. Palestine Investment Bank*, Case No. 19-cv-00005-ENV-RLM (E.D.N.Y. filed Jan. 1, 2019).