OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

---

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601          1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400    F. 201.265.0303                                                      T.212.354.0111

February 11, 2019

**VIA ECF**

Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Singer, et al. v. Bank of Palestine,* 19-cv-006 (ENV) (RML)

Dear Judge Levy:

  We write on Plaintiffs' behalf in response to Defendant's February 6, 2019 Letter Motion to Extend Time to Respond to the Complaint ("Defendant's Motion"), ECF No. 14, in which Defendant has sought a 120-day extension to file its motion to dismiss the Complaint.

**Overview of the Case**

  The above-captioned lawsuit was brought by American citizens killed or injured in suicide attacks in Israel between 2001 and 2003, and their families. Plaintiffs allege that Bank of Palestine ("BOP"), a Palestinian bank headquartered in Ramallah, knowingly provided substantial assistance to the Islamic Resistance Movement (HAMAS), which perpetrated the acts of international terrorism that killed or injured Plaintiffs. The Plaintiffs' claims are brought under 18 U.S.C. § 2333(d) of the Anti-Terrorism Act ("ATA").

**The Nature of the Dispute**

  Defendant's Motion contains several material omissions. *First*, it neglects to inform the Court that defense counsel first demanded a 180-day extension, then revised that demand to a 120-day extension, but have flatly refused to discuss alternative dates or a briefing schedule.

  *Second*, it only vaguely alludes to the fact that defense counsel also represent Palestine Investment Bank in another ATA case simultaneously filed by Plaintiffs' counsel that is also before Judge Vitaliano and assigned to Chief Magistrate Judge Mann (*Spetner, et al. v. Palestine Investment Bank*, 19-cv-005-ENV-RLM).

  *Third*, Plaintiffs' counsel offered defense counsel 45- and 60-day extensions (i.e., 66 and 81 days since service of process) for the two defendants, in order to help stagger the briefing in those two cases, and invited defense counsel to propose schedules accordingly. Defense counsel

Hon. Robert M. Levy
February 11, 2019
Page 2 of 3

nonetheless characterize Plaintiffs' offered extension of time as 45 days only in their Motions filed on both dockets. Plaintiffs have consistently expressed a willingness to afford defense counsel additional time but stressed that Plaintiffs' counsel already have a full briefing schedule in other cases and would need to work within certain mutually agreed parameters to stagger the briefing schedules. BOP and Palestine Investment Bank's counsel never proposed any alternative briefing schedule.

*Fourth*, despite providing a detailed mini-brief in support of its assertion that BOP was not properly served, Defendant's Motion fails to advise the Court whether, if the Court grants its request for a 120-day extension, it still intends to raise service of process pursuant to Rule 12(h) or merely devoted a page of its present Motion in order to characterize its acceptance of service as a great concession.[1]

If Defendant does not intend to move under Rule 12(h), then its Motion is merely an exercise in misdirection. If, however, Defendant genuinely intends to move under Rule 12(h) once a schedule is put into place, then BOP has provided a detailed preview of that motion and does not need 120 additional days to finalize its brief, nor does it have to interview bank employees in Ramallah or review bank records in Arabic to argue that BOP was not properly served. For that matter, counsel does not need to review banking records or interview bank employees for purposes of seeking a Rule 12(b) dismissal *as a matter of law*.

In sum, if Defendant intends to contest service pursuant to Rule 12(h), we respectfully suggest that the Court set an expedited briefing schedule so that this issue can be resolved before the Court is required to expend time on the Rule 12(b) defenses that will be raised thereafter. On the other hand, if – notwithstanding the contents of its Motion – Defendant does not intend to contest service pursuant to Rule 12(h), Plaintiffs believe that a *reasonable* extension of time would

---

[1] It remains unclear whether Defendant's service of process arguments will ever be properly presented to the Court. However, it is worth noting certain misstatements of law in Defendant's Motion. First, Israel, does **not** object to service of process by mail pursuant to Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"), and Israeli law evidently does not prohibit such service. *See Treeline Inv. Partners, LP v. Koren*, No. 07 CIV 1964 DLC, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007) ("Since Israel has not objected to Article 10(a) of the Convention, service through international registered mail remains an acceptable method of serving Koren, an individual defendant who resides in Israel."). Israel's suggested method for serving entities in the Palestinian Territories, relied upon by Defendant, applies to *Article 5* service, not Article 10(a) service, to which, as stated, it makes no objection. Second, Defendant misleadingly suggests that Rule 4(f)(2)(C)(ii) service must conform with Israeli service rules. Service under Rule 4(f)(2)(C)(ii) is proper so long as it is not *prohibited* by foreign law. *See In re Coudert Bros. LLP*, No. 16-CV-8237 (KMK), 2017 WL 1944162, at *11 (S.D.N.Y. May 10, 2017) ("Rule 4(f)(2)(C)(ii), by contrast, *does not require compliance with the service rules prescribed by the recipient country*."). *Compare with* Rule 4(f)(2)(A) (permitting service by means "*prescribed* by the foreign country's law") (emphasis added). As the Supreme Court instructed, the only consideration other than a country's non-objection to Article 10(a) service is "otherwise-applicable law," which refers to the law of the *forum* state, not the *recipient* state. *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004)). Because Plaintiffs complied with Rule 4(f)(2)(C)(ii)—and as shown in *Treeline*—such service is effective under both federal and New York law. Finally, Defendant's other cases, both from courts outside this Circuit and predating *Water Splash*, are unavailing. *Doe v. State of Israel*, 400 F. Supp. 2d 86 (D.D.C. 2005) is governed by the service rules of 28 U.S.C. § 1608, not Rule 4 (and thus lacks the "unless prohibited" language), and *Friedman v. Israel Labour Party*, No. CIV.A. 96-CV-4702, 1997 WL 379181 (E.D. Pa. July 2, 1997), is no longer good law since *Water Splash*.

Hon. Robert M. Levy
February 11, 2019
Page 3 of 3

be warranted for BOP's counsel to prepare their Rule 12(b) motion.

  We submit, however, that Defendant's counsel have not provided a legitimate basis for their refusal to negotiate a briefing schedule in this and the other pending ATA case against Palestine Investment Bank before Judge Vitaliano. Accordingly, we respectfully request that Your Honor confer with Chief Magistrate Judge Mann in the *Spetner* action and set briefing schedules that grant counsel for BOP and Palestine Investment Bank adequate – but not an unreasonably long – time to draft their motions to dismiss.

              Respectfully submitted,

              /s Dina Gielchinsky

cc: Chief Magistrate Judge Roanne L. Mann
   All counsel of record (via ECF)