

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com


Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

October 29, 2020

**VIA ECF**

Hon. Eric N. Vitaliano
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Singer, et al. v. Bank of Palestine*, Case No. 1:19-cv-00006 (ENV)(RML) (E.D.N.Y.)

Dear Judge Vitaliano:

      We write on behalf of the Defendant, Bank of Palestine ("BOP"), in opposition to Plaintiffs' letter of October 27, 2020 (ECF 42) arguing that Judge Cogan's decision in *Henkin v. Kuveyt Turk Katilim Bankasi, A.S.,* No. 19-cv-5394 (BMC), 2020 WL 6143654 (E.D.N.Y. Oct. 20, 2020) (ECF 42-1) provides supplemental authority to deny BOP's pending motion to dismiss.

      As shown below, *Henkin* (i) goes against the decided weight of Second Circuit, Eastern District, and Southern District authority concerning the 12(b)(6) requirements for pleading the "general awareness" and "substantial assistance" components of a JASTA aiding-and-abetting claim, and (ii) does not apply the plain terms of JASTA regarding those two foundational JASTA liability requirements.

      *Henkin* is inconsistent in multiple respects with the Second Circuit's recent ATA and JASTA decisions in *Linde v. Arab Bank, PLC*, 882 F.3d 314, 329 (2d Cir. 2018), and *Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217 (2d Cir. 2019), as well as a line of recent in-circuit decisions discussed in the Bank's opening and reply briefs in support of its motion to dismiss (ECF 37-1, 39), each of which, applying the standards established in *Linde* and *Siegel*, dismissed JASTA claims on Rule 12(b)(6) grounds.[1]

---

[1] These decisions include *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525 (S.D.N.Y. 2019), *appeal filed*, No. 19-3522 (2d Cir. Oct. 21, 2019); *Honickman v. BLOM Bank SAL*, 432 F. Supp. 3d 253 (E.D.N.Y. 2020), *appeal filed*, No. 20-575 (2d Cir. Feb. 13, 2020); *O'Sullivan v. Deutsche Bank AG*, No. 17 CV 8709, 2019 U.S. Dist.

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Hon. Eric N. Vitaliano
October 29, 2020

**VIA ECF**

First, *Henkin* incorrectly applies JASTA's "general awareness" requirement. In *Linde* and *Siegel*, the Second Circuit held that, to assert a JASTA aiding-and-abetting claim, Plaintiffs must plausibly allege that the Bank "was 'generally aware'" that it was "playing a 'role' in Hamas's <u>violent or life-endangering activities</u>." *Linde*, 882 F.3d at 329 (emphasis added); *Siegel*, 933 F.3d at 224. The *Linde* decision made clear that "aiding and abetting an <u>act</u> of international terrorism requires more than the provision of material support to a designated terrorist <u>organization</u>." 882 F.3d at 329 (emphasis in original).

*Henkin* nonetheless found sufficient the plaintiffs' allegation that Kuveyt "was generally aware of its role in a continuing <u>criminal enterprise</u>"—that is, an <u>organization</u>—"from which terrorist and violent activities were a natural and foreseeable consequence." 2020 WL 6143654, at *4 (emphasis added). But this is insufficient under *Linde* and *Siegel*, which require not a defendant's participation in a criminal <u>organization</u>, but instead a defendant's awareness of <u>its own role</u> in the "violent or life-endangering <u>activities</u>." In effect, *Henkin* incorrectly converts JASTA liability into material support for a terrorist <u>organization</u>, rather than support for a terrorist <u>act</u>. This conversion is precisely what *Linde* prohibits.

As further discussed in BOP's reply brief (ECF 39, at 10-13), the required showing—*i.e.*, the defendant's awareness of its own role in terrorist <u>acts</u>—has been found lacking and led to the dismissal of JASTA aiding-and-abetting claims in *O'Sullivan*, *Strauss*, *Weiss*, *Kaplan*, *Honickman*, and *Averbach*. Similarly, here, Plaintiffs' JASTA aiding-and-abetting claim against BOP must be dismissed because Plaintiffs have failed to plausibly allege that BOP played any role in any terrorist organization's violent activity, let alone that the Bank was <u>aware</u> of such role.

*Henkin* also misapplies precedent in holding that the plaintiffs had plausibly alleged that, based on publicly available information about Kuveyt's alleged account-holders, Kuveyt "was aware of the various warning signs and red flags about its customers from which they could infer that the funds from these accounts would make their way to Hamas." 2020 WL 6143654, at *7. As numerous courts have held, to state a valid JASTA claim, plaintiffs must show <u>not only</u> that there was public information linking a bank customer to a terrorist organization, <u>but also</u> that the bank actually reviewed or was otherwise <u>aware</u> of that information. *See Kaplan*, 405 F. Supp. 3d at 535 (dismissing JASTA claim because public reports were insufficient to show defendant bank's awareness where "Plaintiffs nowhere allege[d] … that Defendant read or was aware of such sources."); *Honickman*, 432 F. Supp. 3d at 261 (dismissing JASTA claim where plaintiffs alleged "public statements' connecting bank customer to Hamas, but not that bank "was aware of these facts."); *Averbach*, 2020 U.S. Dist. LEXIS 10902, at *41 ("Allegations that a defendant bank was generally aware it was playing a role in terrorist activities by virtue of media and non-U.S.

---

LEXIS 53134 (S.D.N.Y. Mar. 28, 2019); *Averbach v. Cairo Amman Bank*, No. 19-cv-0004-GHW-KHP, 2020 U.S. Dist. LEXIS 10902 (S.D.N.Y. Jan. 21, 2020) (Parker, M.J.), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 40430 (Mar. 9, 2020); *see also Strauss v. Crédit Lyonnais, S.A.,* 379 F. Supp. 3d 148, 156, 164 (E.D.N.Y. 2019) (denying as futile request to add JASTA aiding-and-abetting claim), *appeal filed,* No. 19-1285 (2d Cir. Apr. 26, 2019); *Weiss v. Nat'l Westminster Bank Plc,* 381 F. Supp. 3d 223, 239 (E.D.N.Y. 2019), *appeal filed sub nom., Applebaum v. Nat'l Westminster Bank, PLC*, No. 19-1159 (2d Cir. Apr. 16, 2019) (same); *O'Sullivan*, 2020 U.S. Dist. LEXIS 32024 (S.D.N.Y. Feb. 25, 2020 (denying leave to amend complaint to add JASTA aiding-and-abetting claim).

2

Hon. Eric N. Vitaliano
October 29, 2020

VIA ECF

governmental designations . . . are insufficient absent allegations that the defendant actually read or was aware of the designations and media reports.").

Here, as discussed in BOP's motion papers (ECF 37-1 at 4-6, 25-28; ECF 39 at 18-20), there is no allegation that BOP reviewed or was aware of any purported public information linking its customers to terrorists or violence.  Accordingly, consistent with the line of decisions set forth above, and contrary to *Henkin*, Plaintiffs have failed to plausibly allege a JASTA claim against BOP.

Second, *Henkin* incorrectly applied the "substantial assistance" element of a JASTA claim.  This prong requires a JASTA plaintiff to plausibly allege that the defendant "knowingly and substantially assist[ed] the principal violation"—*i.e.*, the terrorist attack committed by the primary tortfeasor.  *Linde*, 882 F.3d at 329 (quoting *Halberstam v. Welch*, 705 F.2d 472, 487 (D.C. Cir. 1983)); *Siegel*, 933 F.3d at 223 (same).  In other words, a JASTA claim requires a plaintiff to plausibly allege a connection between the defendant's substantial assistance and the terrorist act from which a plaintiff's injuries arise.  *See* BOP's opening brief, ECF 37-1, at 28-32, and reply brief, ECF 39, at 20-23.

*Henkin* held that the plaintiffs had adequately alleged JASTA "substantial assistance" because Kuveyt "provide[d] banking services to three customers" allegedly affiliated with Hamas, and "transferred at least hundreds of thousands of Eurodollars" for one such customer.  2020 WL 6143654, at *12.  That ruling flatly contradicts *Linde*, because it makes support for Hamas and its affiliates the linchpin for JASTA liability, whereas *Linde* instead makes clear that "aiding and abetting an act of international terrorism requires more than the provision of material support to a designated terrorist organization." 882 F.3d at 329 (emphasis in original).

Here, Plaintiffs have not identified a single transaction processed by BOP that allegedly provided funds—either directly or ultimately—to the perpetrators of any of the terrorist acts that injured them, or that were used to prepare for or commit those Attacks—or even any other violent or life-threatening activity.  This failure requires dismissal of Plaintiffs' JASTA claim.

*Henkin* also held that a number of plaintiffs who are non-U.S. citizens could nonetheless assert JASTA claims based on their status as survivors or heirs of a U.S. national killed in an attack.  For the reasons set forth in BOP's opening brief, ECF 37-1 at 32-34, and reply, ECF 39 at 24-25, three *Singer* Plaintiffs who are foreign nationals may bring ATA claims only in a representative capacity for a U.S. national allegedly killed in an Attack, not for their own injuries.  Indeed, these same three plaintiffs have already had their claims dismissed with prejudice for this very reason in *Averbach*, 2020 U.S. Dist. LEXIS 10902, at *30, *adopted*, 2020 U.S. Dist. LEXIS 40430, *10-*12.

We therefore respectfully submit that *Henkin* provides an unsafe and unsustainable basis to deny BOP's motion to dismiss, given that *Henkin* cannot be reconciled with the Second Circuit's *Linde* and *Siegel* decisions and the other district court decisions set forth above and in BOP's briefs.

Hon. Eric N. Vitaliano
October 29, 2020

**VIA ECF**

        Respectfully submitted,

        Squire Patton Boggs (US) LLP

        <u>/s/ *Gassan A. Baloul*</u>
        Gassan A. Baloul

cc: All counsel of record (via ECF)