

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O    +1 202 457 6000
F    +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T    +1 202 457 6155
gassan.baloul@squirepb.com

November 5, 2020

**VIA ECF**

Hon. Eric N. Vitaliano
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Singer, et al. v. Bank of Palestine*, Case No. 1:19-cv-00006 (ENV)(RML) (E.D.N.Y.)

Dear Judge Vitaliano:

    We write in response to Plaintiffs' November 2, 2020 letter (ECF 44) (Plaintiffs' "Nov. 2 Letter") concerning *Henkin v. Kuveyt Turk Katilim Bankasi, A.S.,* No. 19-cv-5394 (BMC), 2020 WL 6143654 (E.D.N.Y. Oct. 20, 2020) (ECF 42-1).

    Plaintiffs unabashedly seek to relitigate the Second Circuit's rulings in *Linde* and *Siegel*, which are this Circuit's authoritative application of *Halberstam* in the JASTA context. *Halberstam*—not an ATA case—requires, for aiding-and-abetting claims generally, that a plaintiff show that the defendant "knowingly and substantially assist the principal violation." 705 F.2d 472, 488 (D.C. Cir. 1983) (emphasis added). For JASTA claims, the "principal violation" must be an "act of international terrorism," and thus a JASTA plaintiff must show that a defendant aided and abetted an "act of international terrorism." 18 U.S.C. 2333(d)(2) (emphasis added). As the Second Circuit explained in *Linde*, a JASTA aiding-and-abetting claim "focuses on the relationship between the act of international terrorism and the secondary actor's alleged supportive conduct." 882 F.3d 314, 331 (2d Cir. 2018) (emphasis added).

    Because of JASTA's focus on the defendant's support for a terrorist act, the Second Circuit has made clear that support for a terrorist organization is not sufficient for JASTA liability, even if it could be sufficient for ATA primary liability. The fundamental error of *Henkin*, which Plaintiffs invite the Court to repeat here, is to convert JASTA into another variant of an ATA claim for organizational-support liability. *Linde* and *Siegel* preclude that interpretation of JASTA. Unhappy with *Linde* and *Siegel*, Plaintiffs rely extensively on *Halberstam* to argue (ECF 44, at 1-

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Hon. Eric N. Vitaliano
November 5, 2020

VIA ECF

2) that the Second Circuit got it wrong, and that *Henkin* got it right.  Plaintiffs' argument belongs in the Second Circuit, not here where *Linde* and *Siegel* provide the authoritative interpretation of JASTA.  Recognizing that reality, Plaintiffs' counsel recently urged the Second Circuit to follow *Henkin* as it deliberates the *Licci/Kaplan* plaintiffs' appeal from dismissal of their JASTA claim.[1]

In *Linde*, despite the Second Circuit's holding that it could "assume that the jury found Arab Bank to have provided material support in the form of financial services to what it knew was a designated terrorist organization"—far beyond what Plaintiffs allege here—the Court could not conclude that Arab Bank was liable under JASTA, because "aiding and abetting an <u>act</u> of international terrorism requires more than the provision of material support to a designated terrorist <u>organization</u>." *Id.* at 329.  *See also, e.g., Siegel v. HSBC N. Am. Holdings, Inc.*, 933 F.3d 217, 226 (2d Cir. 2019) (JASTA claim held legally insufficient "because the plaintiffs have failed to allege that HSBC knowingly assumed a role in AQI's terrorist activities or substantially assisted AQI in those activities, <u>specifically the November 9 Attacks</u>" that injured plaintiffs) (emphasis added); *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 534 (S.D.N.Y. 2019) (dismissing JASTA claim where "Plaintiffs fail to plausibly allege that Defendant . . . aided and abetted Hizbollah in <u>perpetrating the rocket attacks</u>.") (emphasis added); *O'Sullivan v. Deutsche Bank AG*, No. 17 CV 8709, 2020 U.S. Dist. LEXIS 32024, at *19 (S.D.N.Y. Feb. 25, 2020) (denying leave to assert JASTA claim where plaintiffs "proffered no facts from which the Court can infer that Defendants knowingly played a role in <u>the terrorist activities that injured Plaintiffs</u>") (emphasis added).

Plaintiffs also misconstrue JASTA's "substantial assistance" requirement, which requires a nexus between the relevant terrorist act and the defendant's alleged conduct facilitating that act.  18 U.S.C. § 2333(d) (criminalizing "substantial assistance" to the "person who committed such an act of international terrorism"); *see* BOP's opening and reply briefs in support of motion to dismiss, ECF 37-1 at 22-23, 28-32; ECF 39 at 20-23.  Again inviting error, Plaintiffs argue that "[c]ourts have flatly rejected a 'tracing' requirement for ATA claims." ECF 44, at 2-3.  This proposition flatly contradicts both the plain language of JASTA and *Linde* and *Siegel*.  Plaintiffs are fully aware of their error, given their reliance for this proposition on an early decision in *Strauss* (*id.*) <u>pre-dating JASTA, and involving an ATA primary-liability claim</u>.  *Strauss* thus does not stand in opposition to the later decisions in *Linde* and *Siegel*, which did interpret JASTA.  Indeed, the JASTA claim later alleged in *Strauss* was dismissed, because "Plaintiffs present[ed] no evidence that creates a triable jury question as to whether Defendant generally was aware that it played a role in any of Hamas' or even CBSP's violent or life-endangering activities." *Strauss v. Crédit Lyonnais, S.A.*, 379 F. Supp. 3d 148, 164 (E.D.N.Y. 2019).

For these reasons, there is a strong trend in post-JASTA decisions dismissing secondary-liability claims when, as here, there is an insufficient connection between the terrorist act at issue and the defendant's alleged "substantial assistance".  *See, e.g., Freeman v. HSBC Holdings PLC*, No. 18-CV-7359, 2020 U.S. Dist. LEXIS 99370, at *23 (E.D.N.Y. June 5, 2020) ("the absence of any factual allegations showing a connection between the bank's services and the terrorist activity at issue is fatal to Plaintiffs' aiding and abetting claim."); *Averbach v. Cairo Amman Bank*, No. 19-cv-0004, 2020 U.S. Dist. LEXIS 10902, at *53 (S.D.N.Y. Jan. 21, 2020) (Rep. &

---

[1] *See Licci v. Lebanese Canadian Bank, SAL*, No. 19-3522 (2d Cir.), Pltfs. FRAP 28(j) letter re *Henkin* (Doc. # 105).

Hon. Eric N. Vitaliano
November 5, 2020

**VIA ECF**

Recommendation) (finding JASTA plaintiffs "have not pleaded any facts to indicate that CAB's services contributed to the Attacks."), *adopted in full*, 2020 U.S. Dist. LEXIS 40430 (Mar. 9, 2020).

        Respectfully submitted,

        Squire Patton Boggs (US) LLP


        /s/ *Gassan A. Baloul*
        Gassan A. Baloul


cc: All counsel of record (via ECF)