

Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C.  20037

O   +1 202 457 6000
F   +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T   +1 202 457 6155
gassan.baloul@squirepb.com

February 17, 2022

**VIA ECF**

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Singer v. Bank of Palestine*, No. 19-cv-0006 (ENV)(RML)**

Dear Judge Levy:

　　We write on behalf of Defendant Bank of Palestine ("BOP" or the "Bank") in response to Plaintiffs' letter filed yesterday (ECF 64).

　　We strongly disagree with Plaintiffs' assertion that the parties have "arrived at an impasse" regarding jurisdictional discovery.  To the contrary, both before and after the Court-directed conference between the parties' IT experts, the parties have been meeting and conferring with regard to the very few discovery issues that remain, and the Bank has continued to exhaustively mine its two remaining potential sources of responsive information:  the data recovered by the We Recover Data vendor ("WRD") from BOP's 13 Exabyte backup tapes (the "13 Tapes"); and the 26 HP DDS tapes that BOP previously identified as <u>potentially</u> containing backups of its core banking system from the 2000-2003 time-period (the "26 Tapes").

　　The Bank now has confirmed, consistent with the assessment of its IT expert, Dan Regard of iDiscovery Solutions, that at long last, there is no need or cause for further review of the 13 Tapes or the 26 Tapes.  This is because there are no indicia suggesting that the 13 Tapes or the 26 Tapes contain any additional potentially responsive information beyond that already produced in discovery to Plaintiffs, for the following reasons:

1.　　<u>As to the 13 Tapes:</u>  Analysis of the data and WRD reports from the 13 Tapes confirms that those tapes either:
    a.　do not contain any data at all;
    b.　cannot be restored, and thus no data can be retrieved from the tape;

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

Hon. Robert M. Levy
February 17, 2022

    c.   contain data not related to SWIFT or any other potentially responsive information; or

    d.   do not contain SWIFT transactions from the relevant time-period.

2.   <u>As to the 26 Tapes</u>:  The limited data related to SWIFT transactions that were entered into the Bank's legacy core banking system from the 2000-2003 time-period were later transferred to the Bank's new core banking system, and have already been captured by the Bank's search for potentially responsive information. Thus, any potentially responsive data that would be on the 26 Tapes would already have been captured by the Bank's prior searches, <u>even assuming</u> that the 26 Tapes are in fact backups of the Bank's previous core banking system.

Based on the above, there is no indication that either the 13 Tapes or the 26 Tapes would contain responsive information within the scope of Judge Vitaliano's order for limited jurisdictional discovery.  Accordingly, any further review of the tapes is unnecessary and would constitute an undue burden not proportional to the expected benefit or to the limited scope of jurisdictional discovery. *See, e.g., Winfield v. City of N.Y.*, No. 15-cv-05236 (LTS) (KHP), 2018 U.S. Dist. LEXIS 56160, at *14, *16-17 (S.D.N.Y. Mar. 29, 2018) (Parker, M.J.) (denying request for additional discovery because "discovery cannot continue *ad infinitum*" and noting that "[a]t this juncture, when discovery is nearing an end, the Court must balance whether the likely benefit of production of the additional data outweighs the burden associated with its production").

Without waiver of that position, and in a good-faith attempt to satisfy Plaintiffs' January 14, 2022 request for "printouts of the directories and files" on the 26 Tapes and on a subset of the 13 Tapes,[1] BOP has arranged for yet another qualified vendor, SullivanStrickler LLC, to perform further work and analysis of the tapes Plaintiffs have identified, under the oversight of Mr. Regard. As we have advised Plaintiffs' counsel, that work remains ongoing.  We anticipate that the work will be completed within approximately two weeks.  Motion practice of any kind prior to the completion of this work—which was undertaken to satisfy <u>Plaintiffs' request</u>—would be, at the very least, entirely premature.

We propose that the jurisdictional-discovery deadline be extended to March 15, 2022, <u>solely</u> to allow for completion of the vendor's work and subsequent meet-and-confer efforts among the parties.  No other jurisdictional discovery is necessary or should be permitted.

---

[1] Plaintiffs requested this information concerning Tape 2 and Tape 6 of the 13 Tapes, having conceded that the other eleven of the 13 Tapes do not contain responsive data and thus require no further analysis.

Squire Patton Boggs (US) LLP

Hon. Robert M. Levy
February 17, 2022

**VIA ECF**

We look forward to addressing these matters further at the conference on February 22.

Sincerely,

Gassan A. Baloul