UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SARRI ANNE SINGER, et al.,

Plaintiffs,

-against-

BANK OF PALESTINE,

Defendant.

19-cv-006 (ENV) (RML)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER REGARDING PLAINTIFFS' THIRD-PARTY SUBPOENAS**

Defendant Bank of Palestine ("BOP") hereby moves pursuant to Fed. R. Civ. P. 26(b)(2)

and 26(c)[1] for a protective order quashing and otherwise relieving third-parties Citibank N.A.

("Citibank"), J.P. Morgan Chase Bank N.A. ("J.P. Morgan"), and MUFG Union Bank, N.A.

("MUFG") from any obligation to respond to Plaintiffs' third-party subpoenas (the "Subpoenas"),

to the extent they exceed the scope of the limited jurisdictional discovery permitted in this matter,

as explained below.

## INTRODUCTION

In connection with BOP's motion to dismiss this action, Judge Vitaliano's April 30, 2021

Memorandum and Order directed <u>limited</u> jurisdictional discovery "to determine whether the Court

has personal jurisdiction over BOP in this action." Mem. & Order (Dkt. No. 46) at 14. Judge

Vitaliano ordered that the discovery be tailored specifically to information concerning Plaintiffs'

allegations that BOP used its "correspondent bank accounts in New York to issue large volumes

---

[1] The Court (Levy, M.J.) authorized the filing of this motion during the discovery conference held February 22, 2022, if (as has eventuated) the Subpoenas exceeded the authorized scope of jurisdictional discovery in this action. Feb. 22, 2022 Conf. Tr. (hereinafter "Conf. Tr.") at 30:6-30:24.

of payments in U.S. dollars" during the relevant period to five alleged "*da'wa* charitable and education institutions" and two alleged "fundraising entities": (1) the Islamic Center of Gaza; (2) The Islamic Society of Gaza; (3) the Al-Salah Islamic Society-Gaza; (4) the Islamic University of Gaza; (5) the Al-Wafa Charitable Society-Gaza; (6) Interpal; and (7) the Holy Land Foundation. *Id.* at 3-4, 14. Judge Vitaliano noted that Plaintiffs have offered only "generalized allegations" with "[n]o further information as to dates, dollar amounts, number of transactions, senders or recipients of these transfers" involving the seven entities. *Id.* at 10. And, additionally, although Plaintiffs "allege that BOP has 'aided and abetted' Hamas by 'receiving, holding, and transferring funds' on behalf of these institutions" that "[i]t is unclear, however, from these allegations whether there is any connection between New York, or the United States for that matter, and these alleged transfers." *Id.* at 11.

Recognizing that Plaintiffs' Amended Complaint focuses on these seven entities, Judge Vitaliano instructed that the limited jurisdictional discovery "must be reasonably tailored to" the jurisdictional issue of whether "BOP engaged in frequent and deliberate use of New York banks during the time period relevant to the 12 terrorist attacks and that plaintiffs' claims arise from BOP's contacts with New York." *Id.* at 14-15. With respect to the relevant time period, Judge Vitaliano noted that the "terrorist attacks" alleged occurred "between December 2001 and August 2003." *Id.* at 2.

During the parties' February 22, 2022 status conference, Plaintiffs confirmed to the Court that these third-party subpoenas would conform to Judge Vitaliano's Order by seeking only relevant materials pertaining to the seven entities up until August 2003:

> THE COURT: All right. Mr. Osen, you're not looking to serve subpoenas that would contradict Judge Vitaliano's order, are you?

> MR. OSEN: No, Your Honor. I think we may have a somewhat different view of what Judge Vitaliano's order authorizes or doesn't, but I can say that we're certainly focused on the relevant materials pertaining to the subject entities and essentially the time period up to August 2003.

Conf. Tr. at 29:12-30:4. The Court inquired whether Defendants objected to Plaintiffs' issuance of the Subpoenas to the third-party banks with this narrowly defined scope defined by Judge Vitaliano. *Id*. Counsel for the Defendant noted that, in principle, BOP had no objection, however – and as has come to pass – to the extent the Subpoenas sought information outside the bounds of the limited jurisdictional discovery ordered, BOP would move for a protective order. *Id.* at 30:6-30:20. That is indeed what has happened. Plaintiffs' Subpoenas seek records that go beyond the seven relevant entities identified in Plaintiffs' Amended Complaint and in Judge Vitaliano's decision for which wire transfers through BOP's U.S. correspondent accounts allegedly were made, and cover a significantly greater time period. Plaintiffs' subpoenas are far from being "reasonably tailored" to the authorized scope of jurisdictional discovery, as Judge Vitaliano required.

Plaintiffs' subpoenas request:

- All bank statements that are or were located in the United States concerning Defendant's Correspondent Account(s) with Your Bank; and

- All Transactional Records concerning a Subject Entity where Defendant was either the Originating Bank or Beneficiary Bank.

*See* Exhibits A-C, Schedule A at 3.

These requests seek information well in excess of the limited discovery permitted by Judge Vitaliano. First, the last terrorist attack "relevant to this action" occurred on August 19, 2003. Mem. & Order at 2. However, contrary to Plaintiffs' counsel's representation at the February 22 conference, the Subpoenas request records through December 2004, more than 16 months *after* that alleged attack. Second, Judge Vitaliano directed that jurisdictional discovery should be limited

to the seven "organizations affiliated with Hamas during the relevant period" alleged in the Amended Complaint. *Id.* at 14. Nonetheless, Plaintiffs have requested information concerning two additional entities and one additional individual that the Amended Complaint does not allege were parties to, or beneficiaries of, wire transfers through BOP's U.S. correspondent accounts. Third, the Subpoenas request the entirety of BOP's correspondent bank statements for a five-year period. This request is wildly overbroad, because it seeks records that would reflect correspondent-banking activity of *all* parties to, or beneficiaries of, wire transfers through BOP's U.S. correspondent accounts, without any limitation to the seven entities identified by Judge Vitaliano.

Accordingly, Plaintiffs' Subpoenas exceed the scope of the jurisdictional discovery authorized by Judge Vitaliano, and the Court should enter a protective order quashing the Subpoenas to the extent that they exceed the authorized scope of jurisdictional discovery.[2]

**ARGUMENT**

Discovery targeted at resolving jurisdictional issues is limited to only what is "essential" or "necessary." *See In re Ski Train Fire in Kaprum, Aus.*, 230 F. Supp. 2d 392, 400 (S.D.N.Y. 2002) (jurisdictional discovery must "be limited to the essentials necessary to determining the preliminary question of jurisdictional inquiry") (cleaned up). Jurisdictional discovery cannot be used as an "attempt to gain broad discovery that goes as much to the heart of plaintiffs' claims on the merits as it does the jurisdictional issues." *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 599 (S.D.N.Y. 2017). To that end, the Court has a "duty to ensure, in accordance with Rule 26(b)(1), that the discovery sought by Plaintiff – even in the limited jurisdictional context – is both relevant and proportional in light of the particular facts and

---

[2] Defendant understands that the correspondent banks to which the Subpoenas are directed likely do not have responsive documents given that the time-frame of the Subpoenas significantly pre-dates the earliest date for which those banks retain historical records. Defendant accordingly makes this Motion primarily to preserve its position on the authorized scope of jurisdictional discovery.

circumstances of this case." *Carl v. Edwards*, No. 16-cv-03863, 2017 U.S. Dist. LEXIS 156378, at \*27 (E.D.N.Y. Sept. 25, 2017). The Subpoenas go well beyond the bounds set by Judge Vitaliano.

First, Judge Vitaliano's Memorandum and Order confined jurisdictional discovery here to the "time period relevant to the 12 terrorist attacks." Mem. & Order at 14. Those alleged attacks "occur[red] in Israel between December 2001 and August 2003." *Id.* at 2. During the February 22 conference, Plaintiffs' counsel represented that the Subpoenas would be consistent with that limitation. Conf. Tr. at 29:21-30:4. Notwithstanding this clear temporal limitation, Plaintiffs' Subpoenas demand that the third-party banks produce documents for the "relevant time period" of "January 1, 2000 through December 31, 2004"—a full 16 months after the last terrorist attack alleged in Plaintiffs' Amended Complaint. *See* Exhibits A-C, Schedule A at 1 (emphasis added). Any transfers subsequent to August 19, 2003 cannot be relevant to the limited jurisdictional inquiry permitted here because plaintiffs' claims cannot arise from or relate to any transfers that occurred after the attacks that plaintiffs allege caused their injuries. *See e.g., Sokolow v. PLO*, 60 F. Supp. 3d 509, 517 n.11 (S.D.N.Y. 2014) (finding, with respect to causation, that "after-the-fact" conduct is "not sufficient" to establish a connection with alleged conduct that occurred beforehand). Accordingly, Plaintiffs' requests are temporally overbroad and compliance with the requests would result in the production, if any, of records that are irrelevant to the limited jurisdictional question at issue.

Second, as Judge Vitaliano noted, Plaintiffs' Amended Complaint focuses on BOP's alleged financial services to the seven entities outlined above, including five alleged "*da'wa* institutions" and "two key global Hamas fundraisers." *Id.* at 2-3. However, Plaintiffs' Subpoenas request documents and information concerning two additional entities and one additional

individual who are not alleged in the Amended Complaint to have initiated or received wire transfers through BOP's U.S. correspondent accounts during the relevant time period. Those two additional entities and one additional individual are: (1) the CBSP; (2) the Al Aqsa Foundation; and (3) Ahmad Harb Al-Kurd. Plaintiffs' request for documents and information concerning these three additional names is clearly beyond the scope of jurisdictional discovery ordered by Judge Vitaliano.

Third, Plaintiffs request "all bank statements that are or were located in the United States concerning [BOP's] Correspondent Account(s) with Your Bank." *See* Exhibits A-C, Schedule A at 3. This request is overbroad and does not comply with the authorized scope of jurisdictional discovery. *In re Ski Train Fire in Kaprum, Aus.*, 230 F. Supp. 2d at 400. Plaintiffs' request for "bank statements" is not tailored to any specific alleged BOP customers and instead seeks the entirety of BOP's U.S. correspondent-banking transactions for a four-year period, untethered in any way to the jurisdictional question at issue (or even to the August 19, 2003 end-date of the relevant time period).

Plaintiffs' Subpoenas accordingly are an improper attempt to obtain broad discovery that goes to the merits of their claims, rather than to the narrow authorized jurisdictional inquiry. *Sonterra,* 277 F. Supp. 3d at 599.

**CONCLUSION**

For the reasons set forth above, the Court should enter a protective order quashing Plaintiffs' Subpoenas, or, in the alternative, limiting their scope in accordance with the scope of jurisdictional discovery authorized by Judge Vitaliano's Order.

Dated: March 11, 2021

Respectfully submitted,
**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com

2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

1211 Sixth Avenue, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile: (212) 872-9815

*Counsel for Defendant Bank of Palestine*