**EXHIBIT A**

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

SARRI ANNE SINGER, et al.
*Plaintiff*
v.
BANK OF PALESTINE
*Defendant*

Civil Action No. 19-cv-00006 (ENV)(RML)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Citibank N.A.

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Osen LLC, 190 Moore Street, Suite 272, Hackensack, NJ 07601, Attn.: Dina Gielchinsky, Esq. | Date and Time: 03/24/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/24/2022

CLERK OF COURT                    OR

_____              _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs**, who issues or requests this subpoena, are:

Dina Gielchinsky, Osen LLC, 190 Moore Street, Suite 272, Hackensack, NJ 07601, dgielchinsky@osenlaw.com, (201) 265-6400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-cv-00006 (ENV)(RML)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
## INSTRUCTIONS

1.  In producing Documents and other materials, You are to furnish all responsive Documents, electronically stored information, and tangible things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or by Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, attorneys, advisors, and other personnel, acting on Your behalf or under Your control.

2.  Documents attached to other Documents, including but not limited to transmittal memoranda, routing slips, letters, comments, or post-it notes, shall be produced.

3.  As provided in the Federal Rules of Civil Procedure, You shall produce the Documents and materials in full in the file folder, envelope, or other container or enclosure in which they are kept, maintained, or stored in the ordinary course of business.

4.  You shall produce the original of each Document, along with all non-identical copies and drafts of such Document. Spreadsheets of representative transactions or information extracted from transactional records created in response to this subpoena may not be substituted for copies of the original transactional records.

5.  The relevant time period with respect to each Document Request herein is January 1, 2000 through December 31, 2004.

6.  If any requested Document cannot be produced in full, You are to produce it to the extent possible, identifying which Document or portion of a Document is being withheld, and the reason that Document is being withheld.

7.  When information subject to the Document Request is withheld on a claim that it is privileged or otherwise subject to protection from production, such claim shall be made expressly and shall be supported by an identification of the nature of the Documents, Communications, or things not produced, sufficient to enable the demanding party, and the Court, if necessary, to properly evaluate the claim.

8.  If additional information would be helpful in reducing the administrative burden of the subpoena, please contact Plaintiffs' counsel. Contact information is provided on the Federal Rule of Civil Procedure 45 (form) cover sheet.

## DEFINITIONS

1.  For purposes of this subpoena, "You" and "Your" refer, individually and collectively, to the recipient(s) of this subpoena, Citibank and Citibank, N.A., and to any of their branches, subsidiaries, parents, successor entities, predecessor entities, or agents or representatives thereof, including, but not limited to, officers, directors, attorneys, employees, advisors and any other persons acting on their behalf or under their control.

2. "Beneficiary Bank" means a bank identified in a payment order in which an account of the beneficiary is to be credited pursuant to the order.

3. Communication" has the meaning given in E.D.N.Y. Local Rule 26.3(c)(1).

4. "Concerning" is synonymous with the definition contained in E.D.N.Y. Local Rule 26.3(c)(7).

5. "Correspondent Account" means an account held in U.S. dollars (including Eurodollars) by a financial institution for the benefit of another financial institution. These include both Vostro and Nostro accounts.

6. "Defendant" means Bank of Palestine.

7. "Document" has the meaning given in E.D.N.Y. Local Rule 26.3(c)(2).

8. "Originating Bank" means a bank that receives the first payment order initiating a payment transaction. In a credit transfer the Originating Bank is the payor's bank. In a debit transfer the Originating Bank is the payee's bank.

9. "Subject Entity" means the following entities, and their known aliases, alter egos, agents, and affiliates:

    - Islamic University of Gaza (a/k/a IUG);

    - Al-Mujama al-Islami – Gaza (a/k/a Al-Mujamma al-Islami a/k/a almujama a/k/a almujamma a/k/a Islamic Center – Gaza, Islamic Complex, Gaza);

    - Al-Jam'iya Al-Islamiya – Gaza (a/k/a Islamic Society – Gaza a/k/a Islamic Association – Gaza);

    - Al-Salah Islamic Society – Gaza (a/k/a Al-Salah Islamic Association – Gaza a/ka/ Al-Salah Islamic Foundation a/k/a Al-Salah Islamic Committee a/k/a Al-Salah Organization a/k/a Islamic Salah Foundation a/k/a Islamic Salah Society a/k/a Islamic Salvation Society a/k/a Islamic Righteous Society a/k/a Islamic Al-Salah Society a/k/a Jamiat Al-Salah Society a/k/a Jamiat al-Salah al-Islamiya a/k/a Jami'at al-Salah al-Islami a/k/a Jami'a al-Salah a/k/a Jammeat El-Salah a/k/a Salah Islamic Association a/k/a Salah Welfare Organization a/k/a Salah Charitable Association a/k/a Jam'iyat al-Salah al-Islamiya – Gaza);

    - Al Wafa Charitable Society (a/k/a El-Wafa Charitable Society a/k/a Al-Wafaa Charitable Society a/k/a Jam'iyat al-Wafaa' al-Kheiriya);

- Holy Land Foundation for Relief and Development (a/k/a HLF a/k/a HLFRD);

- Interpal (a/k/a Palestine Relief and Development Fund a/k/a PRDF);

- CBSP (a/k/a Comité de Bienfaisance et de Secours Aux Palestiniens, Comité de Bienfaisance pour la Solidarité avec la Palestine);

- Al Aqsa Foundation (a/k/a Al-Aqsa International Foundation, Al-Aqsa Charitable Foundation, Sanabil al-Aqsa Charitable Foundation, Al- Aqsa Sinabil Establishment, Al-Aqsa Charitable Organization, Charitable Al-Aqsa Establishment, Mu'assa al-Aqsa al-Khayriyya, Mu'assa Sanabil Al-Aqsa al- Khayriyya, Aqssa Society, Al-Aqsa Islamic Charitable Society, Islamic Charitable Society for al-Aqsa, Charitable Society to Help the Noble al-Aqsa, Nusrat al-Aqsa al-Sharif, Islamic Charitable Society for the Preservation of Holy Al-Aqsa, Islamic Charitable Society to Help Al-Aqsa, al-Gameyah al-Khereya al-Islameyah, Aqssa Society, Stichting Al-Aqsa, Al-Aqsa Humanitaire, Aksahum asbl, al-Aqsa Spannmål, Foreningen Al–Aqsa, Al-Aqsa E.V., Al-Aqsa Spanm, Al Aqsa Spanmal Stiftelse);

- Ahmad Harb Al-Kurd (a/k/a Ahmed El-Kurd a/k/a Ahmed Al Kurd a/k/a Ahmed Hard Al-Kurd a/k/a Ahmad Al-Kird a/k/a Ahmad Al-Kard).

10. "Transactional Records" includes any S.W.I.F.T. Messages, CHIPS Payment Messages, FedWire Payment Messages, Continuous Linked Settlement (CLS) Bank Messages, Telex Messages, and any internal payment system messages reflecting requests for or actual payments, payment orders, bills of exchange, checks including interbank checks, financial institution transfers, including banknote transfers, documentary credits and guarantees, bank guarantees, letters of credit, and other wholesale transfers of value, regardless of whether they are or were blocked by law or Your policies.

## DOCUMENTS REQUESTED

1. All bank statements that are or were located in the United States concerning Defendant's Correspondent Account(s) with Your Bank.

2. All Transactional Records concerning a Subject Entity where Defendant was either the Originating Bank or Beneficiary Bank.