

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 264 0303

1441 Broadway, New York, NY  10018
T: 212 354 0111
www.osenlaw.com

August 12, 2022

**VIA ECF**

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   ***Singer v. Bank of Palestine***, 19-cv-0006 (ENV)(RML)
>        **Motion to Compel Discovery**

Dear Magistrate Judge Levy:

We write respectfully on Plaintiffs' behalf to advise the Court in advance of next Tuesday's status conference on the further exchange of information between the parties since their last conference with Your Honor, which information has reinforced Plaintiffs' view that their motion to compel – and specifically Plaintiffs' request for the appointment of a qualified and independent vendor to conduct searches for responsive records – should be granted for reasons Plaintiffs' counsel will elaborate on during the upcoming conference.

The following is an additional update on the parties' communications since the last joint status report:

1. On July 22, BOP produced (1) additional spreadsheets reflecting transactions from some of the 32 USD accounts listed in its responses to Plaintiffs' interrogatories No. 1-7 and (2) SQL code and additional information relating to searches it ran on its BANKS system (including the ancillary table).

2. As explained in the parties' last joint status letter, ECF No. 94 (filed under seal), Plaintiffs asked BOP to produce an entity relationship diagram ("ERD") of its SWIFT Alliance Access system (an ERD is a component of a database schema). BOP stated its IT staff was unable to access that information, so Plaintiffs offered to provide BOP with additional instructions on how to do so. On July 25, Plaintiffs provided BOP with those instructions.

3. Also on July 25, Plaintiffs provided BOP with spreadsheets listing the files SullivanStrickler recovered from Exabyte Tape 6 and DDS Tape 23, color-coded to show which files were, according to Plaintiffs' assessment of the

Letter to Hon. Robert M. Levy
August 12, 2022
Page **2** of **2**

indices, (1) operating system files; (2) database application files (i.e., application files relating to the SWIFT Alliance Access and the COBOL-based KSAM database systems); (3) data files (i.e., SWIFT data files and archives and KSAM data files); and so on. BOP continues to review Plaintiffs' analysis and indicated on July 29 that its IT expert would provide "further analysis" on the files Plaintiffs identified (based on the indices) but that the review would require 3-4 weeks to complete.

Plaintiffs are not opposed, of course, to Mr. Regard performing "further analysis," but, as indicated above, maintain that the relevant back-up files (and a copy of BOP's active core banking system, BANKS) must be restored and searched by an independent, qualified vendor, with the cooperation of all parties.

4. BOP also updated Plaintiffs on its communications with JPMorgan, explaining that JPMorgan has refused to produce to BOP whatever records it located in response to Plaintiffs' subpoena. Plaintiffs wrote to JPMorgan, copying BOP's counsel, signaling their consent to JPMorgan producing those records to BOP's counsel. JPMorgan has so far refused to produce the records.

Plaintiffs look forward to addressing these and other related issues further at the August 16 conference with the Court.

Respectfully submitted,

/s/ Michael J. Radine
Michael J. Radine

cc:     All counsel