
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, D.C. 20037

O  +1 202 457 6000
F  +1 202 457 6315
squirepattonboggs.com

Gassan A. Baloul
T  +1 202 457 6155
gassan.baloul@squirepb.com

August 18, 2022

**VIA ECF**

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Singer v. Bank of Palestine*, No. 19-cv-0006 (ENV)(RML)

Dear Judge Levy:

      We write on behalf of Defendant Bank of Palestine ("BOP" or the "Bank") in opposition to Plaintiffs' letter-motion (ECF No. 97). Without engaging in the "good faith effort" required by this Court's Local Civil Rule 37.3(a), Plaintiffs' letter-motion to compel discovery improperly seeks to convert Sullivan|Strickler—which the Court correctly identified in its August 16 minute entry as "Defendant[']s chosen vendor"—into a shared resource for both Plaintiffs and BOP, and to prohibit BOP from independently communicating with Sullivan|Strickler. As such, Plaintiffs' motion in effect seeks the same relief that the Court <u>declined</u> to grant at the August 16 conference and in the Court's subsequent minute order.

      Just two days ago, the Court correctly found it was "premature" to appoint an independent vendor to examine BOP's backup tapes, and ruled that Plaintiffs would suffer no prejudice from allowing the Bank to complete the already ongoing review of the Bank's own backup tapes—by the Bank's own retained IT expert, Mr. Regard, working with the Bank's own retained vendor, Sullivan|Strickler. There has been no change of circumstances since the Court's rulings of two days ago that would warrant a reversal of the Court's rulings, and the Court should deny Plaintiffs' letter-motion in its entirety.

      As discussed more fully in BOP's August 15 letter to the Court (ECF No. 96) and at the August 16 conference, while BOP disagrees with Plaintiffs' assertions about BOP's backup tapes and their purported contents, it has directed Mr. Regard and his team to work with Sullivan|Strickler to conduct a further analysis of the tapes in an effort to put this issue to rest. Specifically, Sullivan|Strickler, at the direction of Mr. Regard and his team, has restored the 13

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

tapes with which Plaintiffs take issue. Mr. Regard and his team, working with Sullivan|Strickler, are now in the process of attempting to determine whether Exabyte Tape 6 and DDS Tape 23 contain "full backups" of BOP's SWIFT system and COBOL-based legacy core banking system, as Plaintiffs assert. Sullivan|Strickler, at the direction of Mr. Regard and his team, then will attempt to open and analyze individual files on the tapes to determine if they contain relevant information.

During Tuesday's conference, the Court properly ruled that BOP, with its own IT expert, Mr. Regard, and its "chosen vendor," Sullivan|Strickler, should be permitted to complete this work. As such, the Court <u>denied</u> Plaintiffs' request that this process be taken out of the hands of BOP and its retained expert and vendor, and instead that the tapes be reviewed by an independent, third-party vendor. Instead, the Court directed that Sullivan|Strickler, counsel for both parties, and the parties' IT experts should meet and confer by no later than September 16.

Although Plaintiffs' letter-motion does not so inform the Court, we asked Plaintiffs' counsel yesterday when they were available for that meet and confer. Even further, we invited Plaintiffs' counsel to provide us, in advance of that meet and confer, whatever questions they wished to raise about the recovery and analysis process so that BOP's counsel, in turn, could ascertain answers and provide them to Plaintiffs. In short, before Plaintiffs' letter and without need of the Court's intercession, BOP had established a mechanism for complete transparency in advance of the meet and confer that provides still more transparency.

There is a dramatic difference between transparency (which BOP has ensured) and allowing Plaintiffs to participate directly in the work of Sullivan|Strickler through the process outlined in their proposed order. Indeed, Plaintiffs' proposed order and letter-motion in substance seek the same "independent vendor" relief that the Court just days ago found premature. Specifically, Plaintiffs' proposed order (ECF No. 97-1) would permit Plaintiffs to send written questions directly to Sullivan|Strickler, and to "jointly confer with Sullivan|Strickler as often as is required" (by Plaintiffs' own reckoning). (ECF No. 97-1, ¶¶ 3-4.) Even more, Plaintiffs' proposed order would <u>prohibit BOP or its counsel from communicating with Sullivan|Strickler</u> unless Plaintiffs are copied on all such communications. (*Id.*, ¶ 2.) Plaintiffs' letter-motion is inconsistent with both this Court's rulings of two days ago and Sedona Conference's recognition "that a responding party is best situated to preserve, search, and produce its own ESI." 19 Sedona Conf. J. at 118.

What Plaintiffs' letter-motion really seeks is not transparency, but <u>equal participation</u> in BOP's own review process. That is unjustified and inconsistent with the Court's rulings at the conference. BOP will provide transparency by participating in the meet-and-confer as directed by the Court, and by responding to written questions through counsel. But Plaintiffs should not be permitted <u>direct</u> access to BOP's own expert or vendor, nor should Plaintiffs be allowed to <u>prohibit</u> BOP or its counsel from communicating directly and confidentially with its own expert or vendor. Plaintiffs' letter-motion should be denied in its entirety.

Respectfully submitted,

Squire Patton Boggs (US) LLP


*/s/ Gassan A. Baloul*
Gassan A. Baloul


cc: All counsel of record (via ECF)