

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

August 19, 2022

**<u>VIA ECF</u>**

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Singer v. Bank of Palestine*, 19-cv-0006 (ENV)(RML)**
**Motion to Compel Discovery**

Dear Magistrate Judge Levy:

Plaintiffs wrote on August 17, 2022, because BOP declined to provide contact information for the relevant parties at Sullivan|Strickler, stating that the Court did "not provide for any communications between Plaintiffs and Sullivan|Strickler, other than the meet-and-confer session among Sullivan|Strickler, the parties, and the IT experts." Since Plaintiffs were also advised that no transcript can be made of Tuesday's status conference due to a recording error, there was no way to refer back to the Court's rulings on the record.

Defendant has made its position even more explicit in its responsive letter yesterday stating that:

> What Plaintiffs' letter-motion really seeks is not transparency, but equal participation in BOP's own review process. That is unjustified and inconsistent with the Court's rulings at the conference. BOP will provide transparency by participating in the meet-and-confer as directed by the Court, and by responding to written questions through counsel. But Plaintiffs should not be permitted <u>direct</u> access to BOP's own expert or vendor, nor should Plaintiffs be allowed to <u>prohibit</u> BOP or its counsel from communicating directly and confidentially with its own expert or vendor.

Letter at 2.[1]

Stating the obvious, there is nothing to "meet-and-confer" about with Sullivan|Strickler if Plaintiffs cannot meaningfully *participate* and have no input in the process. BOP is obviously strongly opposed to the prospect of Plaintiffs having "direct access" to Sullivan|Strickler; a fact that speaks volumes about its ongoing conduct.

---

1 BOP's counsel referred to Sullivan|Strickler as an "independent" vendor during the conference, presumably in error. That said, Plaintiffs have not requested direct access to BOP's special IT counsel, Mr. Regard, and they have made clear they are not requesting access to any confidential materials at this stage (despite the entry of a protective order in this case) and have never requested privileged materials.

Moreover, BOP suggests it will "ensure" "complete transparency" by permitting Plaintiffs to send written questions to BOP's counsel, "so that BOP's counsel, in turn, could ascertain answers and provide them to Plaintiffs." This is precisely the process that has resulted in a year-long sanctionable abuse of discovery. For example, BOP refused to produce the Sullivan|Strickler indices for months and withheld them during the briefing process on Plaintiffs' motion to compel, despite relying on them in its opposition and sur-reply briefs.[2]

If the Court's intention was to simply permit Plaintiffs' IT consultant and counsel an opportunity to informally ask Defendants' consultants questions, filtered through counsel or in a single meet and confer – as BOP contends – Plaintiffs respectfully submit that memorializing the technical aspects of BOP's conduct in this matter can more efficiently be done via formal document requests and depositions that are under oath and transcribed. Plaintiffs prefer the path we believed the Court had suggested – of a cooperative and transparent process – but, failing that, we believe it would be more efficient to let BOP proceed with its opaque "review" and then proceed to establish a formal record that memorializes the representations made by BOP's consultants, as experience demonstrates that those representations will inevitably be the subject of future motion practice.

Thus, Plaintiffs respectfully restate their request that the Court either:

(A) Convene a short conference at its earliest convenience to clarify the scope of Plaintiffs' access to Sullivan|Strickler and what role Sullivan|Strickler – as opposed to BOP's own consultant – is actually playing in the search and review process of Defendant's ESI described by BOP's counsel during the status conference; or

(B) Enter the Proposed Order Plaintiffs submitted on Wednesday, which we submit constitutes what a cooperative and transparent process for evaluating the search efforts would look like.

If these are not what the Court intended, then Plaintiffs respectfully request that the Court:

(C) Grant Plaintiffs the right to serve document requests and interrogatories pertaining to BOP's "review" and thereafter depose BOP's vendors under oath at the conclusion of this process in lieu of an informal discussion with BOP's consultants.

Respectfully submitted,

/s/ Michael J. Radine

cc: All counsel

---

[2] Plaintiffs note that BOP also, *inter alia*, refused to produce *any* search terms for nearly nine months following Plaintiffs' request for them (July 27, 2021-April 11, 2022) and only began to comply with its rudimentary obligations after Plaintiffs filed their motion to compel—and even then only produced the account number-search terms on July 15, 2022, nearly a year after the search terms were first requested. BOP also refused to answer key interrogatories for nearly eleven months (July 27, 2021-June 16, 2022) and made material misstatements about all of their back-up tapes in order to suggest that they should not be searched, which Plaintiffs have detailed in prior letters and submissions.