<pre>
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2
                                      )
 3    SARRI ANNE SINGER, et al.,      )   1:19-CV-00006-ENV-RML
                                      )
 4                    Plaintiffs,     )   Brooklyn, NY
                                      )
 5                    vs.             )   August 22, 2022
                                      )   1:02 PM
 6    BANK OF PALESTINE,              )
                                      )
 7                    Defendant.      )

 8          TRANSCRIPT OF RULING ON MOTION TO COMPEL DISCOVERY

 9                 BEFORE THE HONORABLE ROBERT M. LEVY
                        UNITED STATES DISTRICT JUDGE
10
      APPEARANCES (All present by video or telephone):
11
      For the Plaintiffs:          GARY M. OSEN, ESQ.
12                                 AARON SCHLANGER, ESQ.
                                   OSEN LLC
13                                 190 Moore Street, Suite 272
                                   Hackensack, NJ 07601
14
      For the Defendant:          MITCHELL R. BERGER, ESQ.
15                                 GASSAN A. BALOUL, ESQ.
                                   SQUIRE PATTON BOGGS (US) LLP
16                                 2550 M Street NW
                                   Washington DC 20037
17
                                   JOSEPH ALONZO, ESQ.
18                                 SQUIRE PATTON BOGGS (US) LLP
                                   1211 Avenue of the Americas
19                                 26th Floor
                                   New York, NY 10036
20
      ECR OPERATOR:               NO NAME PROVIDED
21
                        Hana Copperman, CET**D-487
22                             eScribers
                        7227 North 16th Street
23                         Phoenix, AZ 85020
                           www.escribers.net
24
      Proceedings recorded by electronic sound recording; transcript
25    produced by transcription service.
</pre>



1                          I N D E X

2   RULINGS:                                          PAGE   LINE
    Motion to Compel Discovery Granted in              3      20
3   Part and Denied in Part

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Colloquy

1    THE COURT: Hello. Good afternoon. This is Judge

2 Levy. We're here on docket number 19-CV-6, Singer, et al. v.

3 Bank of Palestine. Will Counsel please state their appearances

4 for the record.

5    MR. OSEN: Good afternoon, Your Honor. This is Gary

6 Osen of Osen LLC representing the plaintiffs today. Mr. Radine

7 is on vacation, so I'm standing in, and I'm joined this

8 afternoon by my colleague Aaron Schlanger.

9    MR. BERGER: Good afternoon, Your Honor. It's

10 Mitchell Berger from Squire Patton Boggs for Bank of Palestine,

11 and I believe my colleague, Joe Alonzo, is on. Gassan Baloul

12 may be on as well.

13    THE COURT: Great. And I heard once again that the

14 AT&T conference line is recording. Let's hope it does a better

15 job than it did the last time, but in the meantime, I have

16 called you in, because you needed an immediate ruling, and I'm

17 going to read my ruling into the record, but then also write it

18 out as well. So just (audio interference) in writing, in case

19 the AT&T line doesn't work one more time.

20    So this is an order granting in part and denying in

21 part docket number 97, a motion to compel. At a discovery

22 hearing held on August 16th, 2022, I made a number of discovery

23 rulings on the record. Because of a malfunction of the

24 recording feature of the AT&T teleconference line, AT&T, at

25 least until now, has been unable to retrieve a copy of the

Colloquy

1    recording.  Accordingly, counsel had requested a more detailed

2    summary of the Court's ruling than appears in the docket entry.

3         Point (1) Court denied plaintiffs' request to appoint

4    an independent expert at this time and allowed time for its

5    vendor, Sullivan/Strickler, to determine whether Exabyte Tape 6

6    and DDS Tape 23 contain full backups of BOP's Swift system and

7    COBOL, C-O-B-O-L, based legacy core banking system during the

8    relevant period.

9         Point (2) The Court granted plaintiffs' request for

10   more transparency in Sullivan/Strickler's search. Specifically,

11   counsel and their IT experts shall meet and confer to discuss

12   the questions outlined at the hearing and in plaintiffs'

13   8/17/22 motion.  They would meet together with

14   Sullivan/Strickler.  Plaintiff may pose written and/or oral

15   questions as well as follow-up questions, as the meet and

16   confer is intended to be a dialogue to ensure that both sides

17   understand the nature of Sullivan/Strickler's search.

18   Sullivan/Strickler shall respond directly to plaintiffs'

19   questions and should be a part of the discussion.

20        Defendant's expert, Mr. Regard, shall not answer in

21   Sullivan/Strickler's stead. Sullivan/Strickler, however, may

22   consult with Mr. Regard at any point during the meeting.

23        Plaintiffs also requested to be copied or otherwise

24   included in any correspondence or other communication between

25   Bank of Palestine and Bank of Palestine's counsel or Bank of



1 Palestine's expert, on the one hand, and Sullivan/Strickler on

2 the other.  That request is denied at this time, without

3 prejudice to plaintiff seeking such information through a more

4 formal discovery process at a later date, upon a showing of

5 good cause.

6         So that's the end of my ruling.  Are there any points

7 in that ruling -- I'm not asking you to say whether you agree

8 with it -- but any points that I have missed that are critical

9 to the parties continuing with this discovery?

10         Let me ask that question of plaintiffs' counsel first.

11         MR. OSEN:  Thank you, Your Honor.  There are a couple

12 of points of clarification that would be beneficial to us.  The

13 first one relates to the nature of the discussion with

14 Sullivan/Strickler.  In the past, communication with IT

15 counsel, BOP's counsel, forbade any questions from counsel on

16 the call.  We would anticipate that such a discussion would

17 predominantly be conducted by our IT consultant, who has,

18 obviously, vastly greater knowledge of the technical aspects of

19 this, but we wanted to be clear and get guidance from the Court

20 as to whether we are prohibited from asking any questions, as

21 Mr. Berger insisted was the case last time.

22         THE COURT:  Right.  Well, this is what the ruling

23 says.  Tell me if you need more than this.  Specifically,

24 counsel and their IT experts shall meet and confer with

25 Sullivan/Strickler to discuss the questions outlined at the



Colloquy

1   hearing and in plaintiffs' August 17th motion.  Plaintiff may

2   pose written and/or oral questions as well as follow-up

3   questions to Sullivan/Strickler, as the meet and confer is

4   intended to be a dialog to ensure that both sides understand

5   the nature of Sullivan/Strickler's search.

6           Sullivan/Strickler shall respond directly to

7   plaintiffs' questions and should be a part of the discussion.

8   Defendant's expert, Mr. Regard, shall not answer in

9   Sullivan/Strickler's stead.  Sullivan/Strickler, however, may

10  consult with Mr. Regard during the meeting.

11          Does that cover the issues?

12          MR. OSEN:  I believe it does, Your Honor. but just to

13  be clear.  In the past, plaintiffs has been construed by Mr.

14  Berger to mean only plaintiffs' IT consultant.  We think it's

15  clear, Your Honor, that those questions come from plaintiffs

16  inclusive of both counsel and IT experts, but if I have that

17  wrong, I'd rather have that now than have an emergency request

18  to the Court later.

19          THE COURT:  No, you have it right.

20          MR. OSEN:  Okay.  The only other question I have at

21  this time, Your Honor, is whether we are specifically limited

22  to a single meet and confer with Sullivan/Strickler, obviously

23  subject to availability.  Our experience from last time is that

24  it was principally a series of questions asked by us, or I

25  should say, by our IT consultant, which, in that case Mr.



1 Regard noted, took down, and then we received follow-up

2 responses from BOP's counsel. We were hoping, and I think your

3 order covers this, that there can be some reasonable follow-up

4 both with Sullivan/Strickler by email and/or if it's

5 productive, with another call.

6      THE COURT: So you're thinking of a situation where

7 Sullivan/Strickler either hasn't reached the point where it's

8 able to respond to a particular question or needs some time to

9 research the answer?

10      MR. OSEN: Correct, Your Honor. Sometimes a question

11 comes up, did you try this or did you do that, and the

12 reasonable response in the moment might be, I don't know the

13 answer to that at the moment. We'll get back to you.

14      In the prior IT conference in January, that was

15 accomplished -- the response was accomplished by written

16 letters from defense counsel. We're hoping that if it's

17 appropriate, and if the circumstances warrant, we can set up --

18 again, obviously, with defense counsel present and

19 participating for a follow-up. Whether that's short or long, I

20 can't say, because I obviously don't know what their initial

21 responses will be. But we are hoping, again, that this be a

22 dialog, rather than a simple one-off meeting in which

23 everything else then has to be papered in a formalized way, as

24 via ultimate letters and correspondence and so forth with

25 counsel.



Colloquy

1      MR. BERGER: Your Honor, this is Mitchell --

2      THE COURT: Yes.

3      MR. BERGER: -- Berger for Bank of Palestine. I don't

4  think the Court needs to make an order on this. I think we've

5  been flexible about follow-up, and I'm not going to, sort of,

6  do chapter and verse responding to what Mr. Osen said. We

7  spent three hours on the phone for meet and confer back in

8  January. We think we know how to foment a dialog, but we're

9  certainly not going to stand in the way of what Mr. Osen

10  described as reasonable follow-up.

11      But I do have a clarification request myself of Mr.

12  Osen. If not, I'll wait until he's done.

13      UNIDENTIFIED SPEAKER: No, I think -- sorry.

14      THE COURT: Let me just clarify, for the record, that

15  it is recording. I'll put it in the order as well. It

16  includes the parties (audio interference) reasonable follow-up.

17      MR. BERGER: Very good. So thank you, Your Honor.

18  It's Mitchell Berger again for Bank of Palestine. Could I put

19  the Court to the trouble of reading point 4 again, just so I

20  don't ask the Court to clarify something that may be clarified

21  by point 4?

22      THE COURT: Well, I have point 3.

23      MR. BERGER: Ah.

24      THE COURT: It's a request to be copied or otherwise

25  included in any correspondence or other communication between



1  BOP, BOP's counsel, or BOP's expert, on the one hand, and

2  Sullivan/Strickler, on the other, is denied at this time

3  without prejudice to plaintiff seeking such information through

4  discovery at a later date, upon a showing of good cause, if

5  necessary.

6          MR. BERGER:  Okay.  Thank you, Your Honor.

7          THE COURT:  Is that what you --

8          MR. BERGER:  Yes, that's helpful.  So the question I

9  had was, and Your Honor, perhaps it's point 2 about pose

10  written and oral questions.  I certainly understand the oral

11  question part, and that will take place at the meet and confer.

12          I just want to make sure that we avoid any confusion

13  here.  In terms of written questions, is the notion that

14  plaintiffs' counsel will deliver those questions in advance of

15  the meet and confer so that they can be addressed at the meet

16  and confer, and if so --

17          THE COURT:  Right.

18          MR. BERGER:  -- it would be delivered through us?  I

19  mean, we're not trying to stand in the way here, but we do not

20  want, and I think it's consistent with point 4, which is these

21  are people working for us.  Plaintiffs can ask whatever

22  questions they want to, but if they're written questions, they

23  ought to be sent to us.  And we will undertake, consistent with

24  the Court's order, to make sure that those questions are

25  delivered to Sullivan/Strickler to be answered, consistent with



Colloquy

1 the Court's conditions, at the meet and confer. And if the

2 dialog at that meet and confer isn't sufficient, and reasonable

3 follow-up is necessary, then we'll reconvene and do it again.

4 Just want to make sure that is with the Court envisions.

5          THE COURT: That is. And I was thinking of a more

6 informal version of a 30(b)(6) list of topics, so that it would

7 be efficient for both sides to have alerted each other what the

8 (audio interference).

9          MR. BERGER: The Court was cutting out there, but I

10 think I heard Your Honor say that it's meant to be a more

11 informal version of a 30(b)(6). They'll provide us, meaning

12 counsel for BOP, the questions in advance, so that we have

13 notice and can provide them to Sullivan/Strickler, which,

14 consistent with the Court's, I believe it's point 3, shall

15 respond directly and not having Mr. Regard respond in

16 Sullivan/Strickler's stead, so that what we would anticipate is

17 receiving questions in writing in advance of the meet and

18 confer from plaintiffs' counsel, and we will, consistent with

19 the Court's order, provide them to Sullivan/Strickler in

20 advance of the meet and confer, so that they can't say, oh, we

21 didn't know that was coming. We're not prepared to answer

22 that.

23          THE COURT: Right. Yeah. Were there other parts of

24 what I read that cut in and out, or is that the only part that

25 needs to be clarified?



1         MR. BERGER:  Oh, no.  Everything Your Honor read was

2    clear.  There was just, as Your Honor was providing the

3    clarification I requested, there were just one or two words

4    that cut out.  But I repeated what I thought I heard from the

5    Court.

6         THE COURT:  Yeah.  You've captured my intent

7    perfectly.

8         MR. OSEN:  Your Honor, this is Gary Osen for the

9    plaintiffs.  One question, and forgive me if I've got this --

10   was mistaken, but I thought I heard, when you first read the

11   order, that we could communicate directly with

12   Sullivan/Strickler --

13        THE COURT:  Yes.

14        MR. OSEN:  -- copy defense counsel, not through

15   defense counsel.  But if I'm mistaken about that, forgive me.

16        MR. BERGER:  Yes.  I heard the opposite, Your Honor.

17   In terms of the 30(b)(6) analogy, the notice would be served on

18   us.  It wouldn't be served directly on a witness.

19        THE COURT:  There are two stages where this comes up.

20   The first is just notification, like the 30(b)(6), and that

21   should go to counsel and Sullivan/Strickler together at the

22   same time.  And the second, really, is to be able to speak

23   directly to Sullivan/Strickler at the meet and confer.

24   Plaintiffs do not have to go through counsel or the IT expert

25   to pose questions directly to Sullivan/Strickler.



Colloquy

1    Does that clarify your question?

2            MR. OSEN: Okay. Yes. So if I understand correctly,

3    and I'm sorry, Your Honor, but I think the time savings, in the

4    long run, is worth it. So we are not permitted to email our

5    questions directly to Sullivan/Strickler. All written

6    communications, as I understand what you're saying, have to go

7    through Mr. Berger.

8            THE COURT: Well, I'm not sure that it makes a

9    difference. My thought was that you would send it to Mr.

10   Berger with a cc to Sullivan/Strickler, so that they would get

11   it at the same time.

12           MR. OSEN: Well, that would be fine with us, Your

13   Honor, but of course we would need the contact information for

14   the relevant parties there in order to do so.

15           MR. BERGER: And Your Honor, this is Mitchell Berger.

16   We don't have any problem with them copying on it, but what I

17   understood, and this is the key part for us, is that

18   Sullivan/Strickler is not going to be then emailing plaintiffs

19   back with the answers. They are going to be questioned about

20   those notice topics at the meet and confer directly, as Your

21   Honor said.

22           THE COURT: Yes. That's correct.

23           MR. BERGER: Okay.

24           THE COURT: And the reason I didn't want to just

25   publish the order without (audio interference) to you first is



Colloquy

1  I wanted to be sure that any of your questions were answered.

2              So are there any other questions?  Let me know.

3              MR. BERGER:  The only other question I had, Your

4  Honor, and this was something I believe I heard.  If I misheard

5  at the last hearing, then I'm sure the Court will correct me.

6  But now that we have a detailed procedure here, what I had

7  heard was that we needed to get the meet and confer done by

8  September 16th, bearing in mind that there will be an allowance

9  for reasonable follow-up.  I just want to make sure that, in

10 essence, the end date by which we should have commenced and

11 then finished the meat and confer process will be on September

12 16th, so that we're not talking about needing to make sure

13 everybody is ready tomorrow and the like.

14             THE COURT:  That's right.  Does that still work for

15 everyone?

16             MR. OSEN:  This is Gary Osen for the plaintiffs.  Your

17 Honor, I think we had suggested that date, so we're perfectly

18 fine with making that work and obviously providing questions.

19 Once we have the proper contact people at Sullivan/Strickler,

20 we'll send our, sort of, preliminary questions -- our, sort of,

21 informal 30(b) questions significantly in advance of that date,

22 whatever that date is, before September 16th.

23             THE COURT:  All right.  Yes.  So the answer is yes.

24 That is our date.

25             MR. OSEN:  Yes.



Colloquy

1    THE COURT:  Great.

2    MR. BERGER:  Thank you, Your Honor.

3    THE COURT:  Okay.  All right.  Good luck, everyone.

4    MR. BERGER:  All right.  Thanks very much.  Take care.

5    MR. OSEN:  Thank you.

6    MR. BERGER:  Right.  Bye-bye.

7             (Court is adjourned)

8                  *  *  *  *  *

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1          C E R T I F I C A T I O N

2

3          I, Hana Copperman, court-approved transcriber, do

4    hereby certify the foregoing is a true and correct transcript

5    from the official electronic sound recording of the proceedings

6    in the above-entitled matter.

7

8

9                                          September 4, 2022

10   _____        _____

     Hana Copperman, CET-487                 DATE

11

12

     eScribers, LLC

13   7227 North 16th Street
     Phoenix, AZ 85020

14   www.escribers.net

15

16

17

18

19

20

21

22

23

24

25


(973) 406-2250 | operations@escribers.net | www.escribers.net